**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Chinh Quoc PHAM, aka Lo Yeh; aka Old Man; aka Nam, Defendant— Appellant.**

No. 03–10129.

D.C. No. CR–96–00094–MHP.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 27, 2004.

Anne–Christine Massullo, Elizabeth K. Lee, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Peter Robinson, Santa Rosa, CA, for Defendant–Appellant.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Chinh Quoc Pham appeals from his criminal conviction for conspiracy to distribute heroin, distribution and possession of heroin with intent to distribute, and unlawful use of a telecommunications facility. He contends that the district court committed prejudicial error when it did

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not allow him to impeach the credibility of co-conspirator declarant John That Luong. Mr. Pham also maintains that the district court should have given a multiple conspiracies jury instruction.

We affirm because we conclude that the district court's erroneous evidentiary ruling was harmless. We also hold that the court did not err in denying the multiple conspiracies instruction.

I

■ Mr. Pham argues that the district court improperly refused to admit Mr. Luong's prior conviction evidence on relevancy grounds. We review a district court's rulings on the relevancy of evidence for abuse of discretion. *United States v. Gilley,* 836 F.2d 1206, 1213 (9th Cir.1988). A jury verdict will be vacated only if prejudice resulted from the abuse of discretion and more likely than not "materially affect[ed] the verdict." *United States v. Beltran,* 165 F.3d 1266, 1269 (9th Cir.1999) (quoting *United States v. Lui,* 941 F.2d 844, 848 (9th Cir.1991)).

Parties are permitted to impeach a co-conspirator declarant's credibility as if he or she "had testified as a witness." FED. R.EVID. 806. Mr. Luong's credibility was at issue because he identified Mr. Pham as his heroin supplier in wiretapped telephone conversations. The district court abused its discretion when it excluded relevant evidence of Mr. Luong's prior felony convictions.

■ The Government introduced evidence that Mr. Luong was a drug dealing co-conspirator. Mr. Pham's attorney elicited testimony in cross-examination that drug dealers often lie about their sources. In contrast, Mr. Pham's tape-recorded conversations with Mr. Luong, the sequence of events, and other evidence corroborated Mr. Luong's identification of Mr. Pham as his supplier.

We are persuaded that the admission of Mr. Luong's prior convictions would not likely have materially affected the jury verdict. The district court's error excluding the impeachment evidence was harmless.

II

■ Mr. Pham also contends that the district court erred by refusing to give a multiple conspiracies jury instruction. Whether a district court's jury instructions adequately provide for the defendant's proffered defense is reviewed de novo. *United States v. Hicks,* 217 F.3d 1038, 1045 (9th Cir.2000). "A trial court must instruct the jury on a defendant's theory of the case only if the evidence sufficiently supports the theory and the theory is supported by law." *United States v. Ravel,* 930 F.2d 721, 726 (9th Cir.1991) (quoting *United States v. Sommerstedt,* 752 F.2d 1494, 1496 (9th Cir.1985)).

We independently evaluate whether the district court was required to "instruct the jury on a defendant's theory of the case" by determining "if the evidence sufficiently supports the theory and the theory is supported by law." *Id.* Mr. Pham argues that the evidence in this case supports his theory of an alternative loan sharking conspiracy and therefore, the district court erred in not giving the requested multiple conspiracies instruction. The proposed jury instruction read as follows:

> You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the

charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Mr. Pham did not produce any evidence that he engaged in uncharged conspiracies to engage in gambling or loan sharking. The only reference to loan sharking or gambling occurred during the cross-examination of Assistant Special Agent in Charge Kingman K. Wong:

**Q.** Now, drugs is only one illegal activity that takes place in the Asian community; is that correct?

**A.** Correct.

**Q.** There's other illegal activities, common illegal activities such as gambling, correct?

**A.** Correct.

**Q.** Loan sharking?

**A.** Correct.

**Q.** And loan sharking, could you tell what is loan sharking?

**A.** Loan sharking is basically somebody who is in need of money would go to a loan shark and get a loan from him and the loan shark would charge him an enormous interest, such as ten percent a week.

**Q.** And would that—basically, be all done in cash?

**A.** Correct.

No evidence was introduced demonstrating that Mr. Pham or Mr. Luong were involved in gambling or loan sharking activities in the Asian community. The taped conversations did not contain any reference to gambling or loan sharking. Therefore, the district court did not err in rejecting a multiple conspiracies instruction.

**AFFIRMED.**